UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN R. BALLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:22-cv-2208 |
| | ) |
| ooSHIRTS, INC., d/b/a SCALABLE PRESS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Stephen R. Ballard ("Ballard"), brings this action against Defendant, ooShirts, Inc., d/b/a Scalable Press ("Defendant"), for unlawfully violating his rights as protected by Title VII of the Civil Rights Act of 1964.

## PARTIES

2. Ballard currently resides within the State of Missouri.

3. Defendant is a corporation formed under the laws of the State of California with its principal place of business in Fremont, California.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on the Court by 28 U.S.C. § 1331 and 42 U.S.C. § 1988.

5. Defendant is an employer as defined by 42 U.S. Code § 2000e(b) subject to Title VII.

6. Ballard was an employee of Defendant as defined by 42 U.S. Code § 2000e(f).

7. Ballard has satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Ballard. He now timely files his lawsuit.

8. Venue is proper in this Court and the Indianapolis Division thereof as the operative events alleged herein occurred within the District and Division.

## FACTUAL ALLEGATIONS

9. Ballard is a white Caucasian born in the United States, and former employee of the Defendant in the role of Vice President of Operations.

10. Defendant is an online print shop offering custom shirts and other clothing. It operates globally, and has physical print shops in multiple locations. Ballard is informed and believes that Defendant has annual revenues of more than $200 million. While Ballard was employed, Defendant had over 500 employees nationwide.

11. For the period of time directly preceding his termination, Ballard's employment was based in Indianapolis.

12. As Vice President of Operations, Ballard was responsible for managing and overseeing all production and operations of the Defendant.

13. On or about November 22, 2021, Ballard was informed he was being terminated as part of a reduction in force. Despite Defendant claiming that it was removing Ballard from his job due to a reduction in force, it did not provide the necessary requirements under the Older Worker Benefit Protection Act ("OWBPA").

14. At the time of termination, Defendant offered a severance package to Ballard that was significantly less favorable than a severance package given to a previous executive who was not Caucasian and who was born outside the United States.

15. Specifically, at the time of termination, Ballard possessed several hundred thousand stock options in Defendant. On termination, Ballard requested his stock options be repurchased.

        Defendant's founder/owner, Raymond Lei, refused any and all requests to compensate Ballard for his options. However, Lei previously authorized a repurchase of stock options from Suhail Sehgal, Defendant's departing CFO, at a price of $5 per option, resulting in a multi-million-dollar payout to Sehgal. Despite the provision of a massive severance package to Sehgal, Lei refused to negotiate severance with Ballard and also refused to provide corporate information that could be used to potentially value Ballard's options.

16. Ballard is informed and believes that this disparate treatment was motivated by race and/or national origin, and that Sehgal was treated more favorably because he was of Asian descent and born outside the United States.

17. Further, Ballard is informed and believes that any proffered reason for the disparate treatment would be pretextual. Ballard and Sehgal's roles were on an equivalent level within the company, both reporting to the founder, Lei. A difference in treatment cannot be justified by seniority because Ballard had a longer tenure with the company than Sehgal. In addition, although Sehgal was (like Ballard) terminated in conjunction with broader layoffs, Sehgal's termination was also based on poor performance, and he received severance nonetheless.

18. Defendant has discriminated against Ballard based upon his race and/or national origin by treating him less favorably than his non-white, non-United States born colleagues. Respondent's actions are intentional, willful, and in reckless disregard of Ballard's rights as protected by Title VII of the Civil Rights Act of 1964.

## COUNT I

## RACE DISCRIMINATION– Civil Rights Act of 1964

19. Ballard hereby incorporates paragraphs 1-18 of his Complaint.

20. Defendant discriminated against Ballard in compensation, terms, conditions, or privileges of employment based on his race.

21. Ballard has been damaged by such conduct.

22. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Ballard's rights as protected by law.

23. Wherefore Ballard prays for relief as requested below.

## COUNT II

## NATIONAL ORIGIN DISCRIMINATION– Civil Rights Act of 1964

24. Ballard hereby incorporates paragraphs 1-23 of his Complaint.

25. Defendant discriminated against Ballard in compensation, terms, conditions, or privileges of employment based on his national origin.

26. Ballard has been damaged by such conduct.

27. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Ballard's rights as protected by law.

28. Wherefore Ballard prays for relief as requested below.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Stephen R. Ballard, by counsel, respectfully requests that the Court find for Ballard and order that:

1. Defendant pay damages to Ballard based on the value of disparate severance compensation in an amount to be proven at trial;

2. Defendant pay compensatory and punitive damages to Ballard;

3. Defendant pay pre- and post-judgment interest to Ballard;

4. Defendant pay Ballard's attorneys' fees and costs incurred in litigating this action; and

5. Defendant pay to Ballard any and all other legal and/or equitable damages that the Court determines appropriate and just to grant.

## DEMAND FOR JURY TRIAL

Plaintiff, Stephen R. Ballard, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
John R. Hurley, Attorney No. 34437-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:       jhaskin@jhaskinlaw.com
Email:       jhurley@jhaskinlaw.com
Counsel for Plaintiff